UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CHERYL TAYLOR, <br><br> *Plaintiff*, <br><br> v. <br><br> HEALTHCARE ASSOCIATES OF TEXAS, LLC, et al., <br><br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § CASE NO. 3:19-CV-02486-N <br> § <br> § <br> § <br> § <br> § <br> § |

**DEFENDANTS' OPPOSITION TO RELATOR'S MOTION TO STRIKE [ECF 432] DEFENDANTS' MOTIONS TO EXCLUDE (ECF NOS. 414, 415) AND, IN THE ALTERNATIVE, REQUEST FOR LEAVE TO FILE**

## I.    INTRODUCTION

Relator's Motion to Strike ("**Relator's Motion**", ECF 432) *Defendants' Motion to Exclude as to Credentialing and Defendants' Motion to Exclude as Summary and Opinion Testimony* is merely an attempt to shield Relator's improper expert opinions from the Court's scrutiny. Given the deficiencies in the reports submitted by Relator's various experts, *Defendants' Motion to Exclude or Limit the Opinions and Testimony of Relator's Experts Sunil V. Lalla, M.D., Melissa Scott, and Nicholas Ross on Credentialling, and Brief in Support* (ECF 414) ("**Defendants' Credentialing Motion**") and *Defendants' Motion to Exclude Expert Testimony Regarding Characterizations of Evidence and Defendants' Corporate Conduct and Brief in Support* (ECF 415) ("**Defendants' Corporate Conduct Motion**," together with Defendants' Credentialing Motion, "**Defendants' Motions**"), are not only proper but necessary to accurately understand the opinions submitted by Relator's experts on Relator's allegations on credentialing and corporate conduct. The reason: because Relator designated multiple experts to render disjointed and overlapping opinions related to credentialing and corporate conduct, with several of Relator's experts cross-referencing one another.

- 1 -

On credentialing, Relator contends that Healthcare Associates of Texas, LLC ("HCAT") submitted claims under the names of providers who were not properly "credentialed." Of Relator's eight designated experts, **_one_** addressed credentialing in his June 7, 2024 declaration, **_three_** addressed credentialing in their June 7, 2024 reports, and Relator **_withdrew_** one of those experts—the only expert whose report focused exclusively on credentialing. Similarly, four of Relator's experts offer opinions in their reports that address Defendants' corporate conduct, ethics, and morality. This structure would require the Court to piece together several disconnected opinions and arguments across multiple reports and motions. As a result, Defendants' Motions groups the overlapping topics together to clarify and aid the Court's understanding of the issues.

Defendants' Motions are permissible because they comply with the rules of this District concerning page limits for motions. In addition, Defendants' Motions caused no prejudice or harm to Relator, which is evidenced by the fact that on August 22, Relator filed her responses to Defendants' Motions (*see* ECF 450, 451), and Defendants filed their replies on September 4 (*see* ECF 475, 478). Thus, the motions already are fully briefed before this Court and ripe for resolution. Accordingly, Defendants respectfully requests that the Court deny Relator's Motion.

## II.   ARGUMENT AND AUTHORITIES

### A. The deficiencies in Relator's expert disclosures necessitated Defendants' Motions.

Relator requests that the Court strike Defendants' Motions and characterizes them as "Defendants' second and third motions to exclude the same experts[.]" Relator's Motion, ECF 432 at PACER p. 1.[1] Relator's Motion ignores that the nature of her expert disclosures necessitated Defendants' Motions address the myriad deficiencies on the overlapping opinions of Relator's experts on credentialing and corporate conduct. Specifically, Relator initially designated seven (7) retained

---

[1] All cites to pages of ECF filings in this brief refer to the PACER page number at the top of the filing.

experts, one (1) undisclosed expert, and one (1) non-retained expert who offer opinions spanning multiple fields, regardless of their own respective field:

1. Anderson, Mark – Retained expert on electronic health records systems
2. Charalambopoulos, John, M.D. – Retained expert on medical necessity and scope of practice
3. Dennis, Josh – Retained expert on electronic health records data processing
4. Goestenkors, Donna – Retained expert on credentialing (subsequently withdrawn)
5. Krock, Joseph, M.D. – Retained expert on statistics and damages calculations
6. Lalla, Sunil, M.D. – Retained expert on medical necessity and liability
7. Morrell, Juliette – Non-retained expert
8. Ross, Nicholas – Initially undisclosed, yet retained expert on data scripting and extraction to identify progress notes in HCAT's electronic health records systems
9. Scott, Melissa – Retained expert on identification of alleged false claims

ECF 404, App. 609-17 (2024.06.07 Relator's Expert Disclosures & Reports).

Relevant here, Relator originally designated Donna Goestenkors to proffer an original and supplemental report that exclusively focused on HCAT's credentialing process. But in the midst of Ms. Goestenkors' deposition on July 22—two days before the June 24 deadline for Defendants to depose Relator's experts and four days before Defendants' July 26 expert disclosure deadline—Relator suddenly withdrew her as an expert. *See* ECF 414 at PACER pp. 6, 9-10; *see also* ECF 378 (Special Master Order No. 17 setting deadlines). In an email to the Special Master, Relator's counsel explained their reason for withdrawing Ms. Goestenkors as follows:

> During today's deposition she began offering testimony, based on a misunderstanding of Defendants' counsel's questions, that conflicted with her report. Ms. Goestenkor's recent illness has affected her ability to prepare for her deposition and appears to have affected her ability to fully participate in the deposition. As a result, Relator has decided to withdraw her report and withdraw her as a testifying expert witness . . . ; we accordingly terminated the deposition.

App. 1-6 (07.22.2024 Email from D. Klein). Once it was clear that Ms. Goestenkors's deposition testimony did not align with Relator's theories and arguments, Relator made a strategic choice to withdraw the only expert designated to render opinions exclusively on Medicare credentialing. And

based on Relator's representation of withdrawing Ms. Goestenkors, the Special Master restricted Defendants to two additional hours of deposition time with Ms. Goestenkors, for a total of about four hours on the record instead of the full seven hours. App. 7-49 (Goestenkors Dep. Tr.).

Having withdrawn Ms. Goestenkors, Relator was left with a combination of scattered, partial and disjointed credentialing opinions by three other experts who cross reference or overlap with one another.[2] The other experts who address Relator's credentialing allegations are Ms. Scott, Dr. Lalla, and Mr. Ross:

- Ms. Scott's corrected report is 174 pages in length and offers 9 separate opinions, one of which relates to credentialing. Ms. Scott purports to have "identified credentialing gaps" for HCAT "providers who were not enrolled in Medicare, whose billing rights had not been assigned to HCAT, or whose billing rights had not been assigned to the correct PTAN." ECF 414 at PACER p. 6; ECF 406, App. 1288 (Scott Report at ¶ 87). Ms. Scott reaches a conclusion that HCAT submitted 2,668 claims for services that were provided by a "non-credentialed provider" and "Medicare paid $218,282 for 2,471 [of those] claims." ECF 414 at PACER p. 9; ECF 406, App. 1290 (Scott Report at ¶¶ 97-99). To reach this conclusion, Ms. Scott cites to a Provider Credentialing Grid attached to a declaration of her junior colleague, Mr. Ross. However, neither Ms. Scott nor Mr. Ross provide an explanation about the methodology used to create the Provider Credentialing Grid. *See* ECF 414 at PACER p. 9. In her Response, Relator disagrees with Defendants' criticisms, but she cannot fill the missing gaps in Ms. Scott's report that fail to explain why or how Ms. Scott concluded providers were "non-credentialed." ECF 451 at PACER p. 20.

---

[2] After withdrawing Ms. Goestenkors as an expert on credentialing, Relator subsequently disclosed, on August 22, 2024, a brand new expert as a purported "rebuttal" expert on credentialing. Defendants will address the improper rebuttal report in separate briefing to the Court.

- Mr. Ross provides a declaration in which he states that his work on credentialing in this case was under the direction and oversight of Ms. Scott. ECF 414 at PACER p. 6; ECF 405, App. 848-864 (Ross Decl. ¶ 7). Mr. Ross, however, lacks the necessary qualifications to render any opinions on credentialing as he disavowed any knowledge or understanding of Medicare credentialling rules, or the methodology used by Ms. Scott for the information contained in the Provider Credentialing Grid attached to his declaration. ECF 414 at PACER p. 13; ECF 406, App. 1803 (Ross Dep. 259:17-261:7). Indeed, in Relator's Response to Defendants' Credentialing Motion, Relator states that Mr. Ross "does not purport to offer *substantive* opinions on credentialing." ECF 451 at PACER p. 25 (emphasis added). But this is a tacit admission that Mr. Ross offers some opinion on credentialing, though not substantive.

- Dr. Lalla's report, which is 107 pages, also purports to offer ancillary opinions regarding Defendants' motive for "[billing] non-credentialled providers under credentialled providers" for claims identified by Ms. Scott, and he surmises that HCAT failed to assign billing rights to the appropriate Provider Transaction Access Number ("PTAN"). ECF 414 at PACER p. 7; ECF 405, App. 950-952 (Lalla Report at pp. 57-59). Dr. Lalla's opinions, however, are improper because, among other things, he relies entirely on inapplicable sub-regulatory guidance that was not even in effect during the relevant time period in this case. ECF 414 at PACER p. 14; ECF 405, App. 960 (Lalla Report at p. 67) (citing PIM, Ch. 10 § 10.3.1.4.1). Relator has no explanation for this, so her Response ignores it thereby conceding the argument. *See generally* ECF 451.

As stated in Defendants' Credentialing Motion, the opinions of these experts on credentialing are inadequate to satisfy the disclosure requirements of Rule 26(b)(2). *See* ECF 414.

Similarly, Relator designated four experts—Dr. Charalambopoulos, Ms. Scott (again), Mark Anderson, and Dr. Lalla (again)—to provide various opinions regarding Defendants' alleged: (1) knowledge, intent, or state of mind; and (2) conduct, ethics, or morality:

- Dr. Charalambopoulos offers multiple opinions regarding his own interpretation of HCAT's "culture," honesty, motivations, state of mind, business practices, sensitivity, and priorities. ECF 415 at PACER p. 9; ECF 405, App. 866, 875, 888-889, 891-893.  For example, Dr. Charalambopoulos frequently opines that Defendants subjectively "valued" revenue over patient care or Medicare compliance.  ECF 415 at PACER p. 21; ECF 405, App. 888 (Charalambopoulos Report at 24, 29); ECF 406, App. 1532-01533 (Charalambopoulos Dep. at 421:21-423:4).  His opinions about the "culture" at HCAT similarly attempt to describe the thought process of HCAT personnel, but when pressed about his opinions at his deposition, Dr. Charalambopoulos admitted: "I can't get into [Defendants'] mind … I don't know what their intention was."  ECF 415 at PACER p. 21; ECF 406, App. 1515 (Charalambopoulos Dep. at 349:16-350:5).

- Ms. Scott also provides opinions regarding Defendants' alleged integrity of records, intent, and state of mind.  ECF 415 at PACER p. 12; ECF 406, App. 1258 (Scott Report at 6) (Opinion 8).  During her deposition, however, Ms. Scott explained that her assessment of the "reliability" of HCAT's records stems from her own belief, based on purported instances of "rubber-stamping," "bulk sign-offs" or "sharing physician logins with administrative staff," that "it's almost impossible to know what you can and can't trust[.]"  ECF 415 at PACER p. 12; ECF 406, App. 1892 (Scott Dep. at 296:6-23).

- Dr. Anderson purports to offer opinions regarding how Defendants utilized certain software programs in their business operations and their related motives.  ECF 415 at PACER p. 12-13; ECF 405, App. 1040-1044 (Anderson Report at ¶¶ 57-67).  Dr. Anderson's "opinions" are

deficient, however, as they consist almost entirely of his own interpretation of a handful of email correspondence. For example, Mr. Anderson reaches his conclusion about the functionality of the Allscripts time-stamp feature solely from reading a single e-mail and guessing what it means. ECF 405 at PACER p. 343, App. 1041 (Anderson Report at ¶¶ 62-63). Further, with respect to Defendants' electronic health records ("EHR") software, Mr. Anderson admits that he did not interact with Defendants' EHR software, he did not look at Defendants' policy and procedure manuals related to configuration, he did not know if Defendants had policy and procedure manuals related to configuration, he has never spoken to any employees of Defendants about their EHR configurations, and he did not rely on any deposition testimony from Defendants' employees regarding configuration. ECF 406 at 594-595, 622; ECF 405 App. 1651-52, 1679 (40:7-16, 41:1-4, 42:3-6, 152:19-25).

- Dr. Lalla's report contains thirteen pages of his own summary of HCAT internal documents that he construes and believes constitute "particular examples in which HCAT were scheming (sic)." ECF 415 at PACER p. 18; ECF 405, App. 911-924 (Lalla Report at 18-31); ECF 406, App. 1977 (Lalla Dep. at 284:19-285:1). For example, Dr. Lalla repeatedly opines about Defendants' alleged "motive" and "desire." ECF 415 at PACER p. 21; ECF 405 App. 911-912 (Lalla Report at 18-19). He similarly construes certain emails as "attempt[s] to justify" certain actions and purports to know that HCAT "employees realized" a given practice "was improper[.]" ECF 415 at PACER p. 22; ECF 405, App. 914, 920 (Lalla Report at 21, 27). The impropriety of Dr. Lalla's attempts to present the evidence is particularly inappropriate given his own admission that the documents "speak for themselves." ECF 415 at PACER p. 18; ECF 406 App. 1977 (Lalla Dep. at 295:24-296:1).

As stated in Defendants' Corporate Conduct Motion (ECF 415) and Reply (ECF 475), the opinions of these experts on corporate conduct should be excluded because they: (i) impermissibly summarize

and characterize evidence; (ii) impermissibly opine on Defendants' state of mind, knowledge, and intent; and (iii) impermissibly opine on Defendants' conduct, ethics and morality.

Relator's approach of using multiple experts to opine on overlapping issues caused Defendants to structure Defendants' Motions in such a way so that the duplicate issues are addressed in a single motion for efficiency and for ease of the Court's review. Otherwise, because of Relator's overlapping and cumulative disclosures among her experts, Defendants would have had to repeatedly address the same deficiency in each of the experts' Rule 702 motions, address the same underlying facts, and the Court would have to piece together several disconnected opinions and arguments across multiple expert reports and motions. *See, e.g.*, *Midwestern Cattle Mktg., LLC v. Legend Bank, N.A.*, No. 4:17-CV-375-A, 2018 U.S. Dist. LEXIS 118057, at *2 (N.D. Tex. May 30, 2018) (granting defendant's motion to strike plaintiffs' expert testimony, which grouped three of plaintiff's experts who provided opinions as to plaintiff's negligence claim into a single motion).

**B. Defendants' Motions are permitted under the applicable rules.**

Relator's Motion should further be denied as it fails to include any support for the interpretation that Defendants' Motions are impermissible. The only case that Relator does cite is for the general proposition that the Court has inherent authority to manage its docket. *See* Relator's Motion, ECF 432 at PACER p. at 3 (citing *Dellucky v. St. George Fire Prot. Dist.*, No. 23-30810, 2024 WL 3688722, at *3 (5th Cir. Aug. 7, 2024)). Relator's failure to provide any support is unsurprising because her interpretation of the applicable rules is not consistent with the Local Rules or case law.

The Local Rules of the Northern District of Texas do not proscribe a limit on the number of expert motions that may be submitted pursuant to Rule 702 of the Federal Rules of Civil Procedure. Local Rule 7.2(c) only states that "a brief must not exceed 25 pages (excluding the table of contents and table of authorities)." In contrast, for example, Local Rule 56.2(b) explicitly states that, "Unless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one

motion for summary judgment." While Local Rule 56.2 imposes an express restriction on the number of summary judgment motions that a party could submit, there is no similar express limitation that applies to Rule 702 motions. In fact, courts in this District have repeatedly entertained instances in which parties submitted multiple motions that seek to exclude expert testimony directed to the same expert(s). *See, e.g.*, *Antero Res. Corp. v. C & R Downhole Drilling, Inc.*, No. 4:16-CV-00668-Y, 2019 U.S. Dist. LEXIS 244246, at *14 (N.D. Tex. Sep. 13, 2019) (noting that the court considered two separate motions seeking to exclude the testimony of the same expert); *Van Hooser v. Town of Pantego*, No. 4:12-CV-810-BJ, 2015 U.S. Dist. LEXIS 181815, at *1-2 (N.D. Tex. Feb. 18, 2015) (stating that the court considered two separate motions seeking to strike plaintiffs' experts); *AE Mktg., LLC v. Jenkins-Baldwin Corp.*, No. 3:07-CV-321-F, 2009 U.S. Dist. LEXIS 136475, at *8 (N.D. Tex. Sep. 23, 2009) (same).

Defendants' Motions are therefore permissible and Relator's Motion should be denied.

**C. Relator has suffered no prejudice or harm.**

The Court should also deny Relator's Motion for the separate and independent reason that Relator has not suffered any harm or prejudice from Defendants' Motions. Defendants filed their Credentialing Motion and Corporate Conduct Motion on July 31. Relator's Responses were due on August 21, 2024 (ECF 378 ¶(1)(b)(ii)(2)), and Relator has already submitted substantive responses to Defendants' Motions with a collective total of 45 pages of briefing. *See* ECF 450, Response to Defendants' Corporate Conduct Motion (23 pages in length) and ECF 451, Response to Defendants' Credentialing Motion (22 pages in length). And Defendants filed their replies on August 28 (*see* ECF 475 and ECF 478); thus, Defendants' Motions are now fully briefed before the Court for its consideration.

In similar circumstances, courts have held that a party suffers no prejudice where the party had an opportunity to respond, and did respond, to the motion at issue. *See, e.g., Terroco Indus. v. Am. Home Assurance Co.*, No. 2:07-CV-437, 2009 U.S. Dist. LEXIS 134064, at *17 (E.D. Tex. Mar. 2, 2009)

(denying plaintiff's motion to strike evidence attached to defendants' reply in support of a motion to dismiss because plaintiff was "given adequate and fair time to respond"); *Newby v. Enron Corp. (In re Enron Corp. Sec.)*, 540 F. Supp. 2d 759, 796 (S.D. Tex. Aug. 24, 2007) (denying defendants' motion to strike finding that there was no prejudice because the "extra briefing . . . aided the Court in clarifying its understanding of the [issue] and resolution of the question" and because both sides "had more than a full opportunity to respond to the other's arguments"). Therefore, because Relator has suffered no harm or prejudice, Relator's Motion should be denied.

## III.   CONCLUSION

For the reasons discussed herein, Defendants' respectfully request that the Court deny the relief requested in Relator's Motion. To the extent the Court rules that a party may only file a single Rule 702 motion per expert, Defendants respectfully ask that the Court construe this opposition as a motion for leave for an order granting Defendants permission to exceed the 25-page limit for their motion to exclude the expert testimony of the following Relator experts: Melissa Scott, Nicholas Ross, Sunil Lalla, M.D., John Charalambopoulos, M.D., and Mark Anderson.

Dated: September 9, 2024

Respectfully submitted,

*/s/ Elizabeth C. Brandon*
Elizabeth C. Brandon
Texas Bar No. 24049580
ebrandon@reedsmith.com
Sarah Cummings Stewart
Texas Bar No. 24094609
sarah.stewart@reedsmith.com
REED SMITH LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Tel: (469) 680-4200
Fax: (469) 680-4299

R. Jeffrey Layne
Texas Bar No. 00791083
jlayne@reedsmith.com
REED SMITH LLP
401 Congress Avenue, Suite 1800
Austin, TX 78701
Tel: (512) 623-1801
Fax: (512) 623-1802

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 9, 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court via the CM/ECF system, causing it to be served electronically on all counsel of record.

*/s/ Elizabeth C. Brandon*
Elizabeth C. Brandon