IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| *ex rel.* CHERYL TAYLOR, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:19-CV-02486-N |
| § | |
| HEALTHCARE ASSOCIATES OF § | |
| TEXAS, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Relator Cheryl Taylor's motion to exclude expert testimony of Alice Gosfield, Daniel Shay, Tony Cobos, and Gregory Russo [457]. Because the Court finds that each of these experts meets the requirements of Rule 702, the Court denies the motion.

### I. ORIGINS OF THE DISPUTE

This case arises from claims under the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"), against Defendants Healthcare Associates of Texas, LLC, Healthcare Associates of Irving, LLP, David Harbour, Jeff Vines, Kristian Daniels, Dr. Charles L. Powell, Dr. David Deems, Dr. Walter Gaman, and Dr. Terrence Feehery (collectively, "HCAT"). Taylor alleges that she observed HCAT employ fraudulent Medicare billing practices. The Court has discussed Taylor's factual allegations at some length, *see, e.g.*, *United States ex rel. Taylor v. Healthcare Assocs. of Tex., LLC*, 2023 WL 3294141, at *1 (N.D. Tex. 2023),

MEMORANDUM OPINION AND ORDER – PAGE 1

and the Court will not recount them in great depth here. Taylor now moves to exclude four of HCAT's expert witnesses.

## II. LEGAL STANDARD FOR EXPERT TESTIMONY

Under Federal Rule of Evidence 702 a witness must be qualified as an expert by "knowledge, skill, experience, training, or education." FED. R. EVID. 702. A qualified expert may testify if the expert's specialized knowledge will help the trier of fact and (1) "the testimony is based upon sufficient facts or data," (2) "the testimony is the product of reliable principles and methods," and (3) "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." *Id*. District courts must determine that expert testimony "is not only relevant, but reliable," and make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid" and "can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, 592–93 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150–51 (1999) (holding *Daubert* principles apply to all types of experts). The focus, however, "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595.

District courts have broad discretion to determine the admissibility of expert testimony. *Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 400 (5th Cir. 2016). But the rejection of expert testimony is the exception, not the rule. *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, 2016 WL 9560113, at *3 (N.D. Tex. 2016). The *Daubert* inquiry may not replace the adversarial system. *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002). "[V]igorous cross-examination, presentation of contrary

MEMORANDUM OPINION AND ORDER – PAGE 2

evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* at 250 (quoting *Daubert*, 509 U.S. at 596). Indeed, "while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits." *Id.*

### III.  THE COURT DENIES THE MOTION TO EXCLUDE TESTIMONY OF GOSFIELD, SHAY, AND COBOS

HCAT retained Alice Gosfield, Daniel Shay, and Tony Cobos — all of whom are healthcare lawyers — to testify about whether HCAT's practices were consistent with Medicare and Texas rules and industry custom. Gosfield opines on Medicare billing practices. Rel.'s Appx. 448 [456]. Shay opines on Medicare credentialling and enrollment. *Id.* at 643–44. And Cobos discusses HCAT's delegation to medical assistants. *Id.* at 6. Taylor moves to exclude their testimony, arguing that they render impermissible legal conclusions and that Gosfield and Shay are unqualified. Rel.'s Mot. Exclude 1–13 [457]. Taylor does not contest Cobos's qualifications, or any of Gosfield, Shay, and Cobos's reliability or evidence sufficiency. Because the Court finds that these experts meet the requirements of Rule 702, the Court denies the motion to exclude their testimony.

#### A.  *Gosfield and Shay are Qualified*

The Court finds that Gosfield and Shay are qualified as experts to render the opinions in their reports. Gosfield gives opinions on five practices at HCAT: incident-to billing, enrollment and billing privileges, standing orders, Annual Wellness Visit billing, and physical medicine billing. Rel.'s Appx. 447. She states that HCAT's practices in these areas were "reasonable and consistent with industry standards." *Id.* at 448.

MEMORANDUM OPINION AND ORDER – PAGE 3

Gosfield's experience with healthcare law renders her qualified to make these opinions. Gosfield has a J.D. from NYU and has fifty years of experience practicing healthcare law and advising medical practices on regulatory topics. *Id.* at 445. She has authored fifteen published articles dealing with Medicare issues, including incident-to billing and physician supervision. *Id.* She has co-authored a book on Medicare Fraud. *Id.* She has also advised the Department of Health and Human Services on practical implementation of it laws and regulations. *Id.* at 446; Defs.' Resp. Gosfield 5 & n.3 [498]. This education and experience renders her qualified to give the opinions outlined in her expert report.

Taylor takes issue with some aspects of Gosfield's report, arguing that her lack of knowledge of medical coding; the Provider Enrollment, Chain, and Ownership System ("PECOS"); and Texas law makes her unqualified. Rel.'s Mot. Exclude 6–7. The Court disagrees.

First, Gosfield's opinions are not about medical coding. She discusses industry custom as it relates to various billing practices at HCAT. She is not opining on the propriety of any specific claim. Instead, she evaluates HCAT's general practices. Second, it is immaterial that she has no experience with PECOS. PECOS is the system where providers can manage their Medicare enrollment. Defs.' Resp. Gosfield 5–6. But lack of experience with PECOS is irrelevant because Gosfield's opinions go to the legal requirements and industry practices, not to the functional aspects of the enrollment platform. Third, Gosfield's lack of Texas law expertise does not affect her testimony. Gosfield did testify that compliance with state law is a "predicate for any of the services

that Medicare pays for." Rel.'s Appx. 809. But, to the extent that expertise in state law is required, Gosfield appears to defer to Cobos instead of offering her own opinions. *See, e.g.*, *id.* at 482. Accordingly, the Court finds that Gosfield is qualified as an expert to give the opinions in her report.

The Court also concludes that Shay is qualified as an expert to give his opinions on HCAT's Medicare enrollment and credentialling practices. He has a J.D. from Emory University and has practiced for twenty years. Rel.'s Appx. 640. He specializes in advising healthcare practices on Medicare enrollment and reassignment issues. *Id*. He has published writings on these topics, including as chapters in the Health Law Handbook. *Id*. Accordingly, he is qualified to opine on Medicare enrollment and credentialling practices at HCAT.

### B. *Gosfield, Shay, and Cobos May Opine on Industry Practices But May Not Make Legal Conclusions*

Next, Taylor seeks to have Gosfield, Shay, and Cobos's testimony excluded on the basis that it consists of impermissible legal conclusions. Rel.'s Mot. Exclude 1–5. The Court finds that testimony on industry practices is permissible but cautions the parties to avoid direct statements of what law applies or whether a party has violated that law.

Expert witnesses may not render legal conclusions under the guise of expert opinion. *Snap-Drape, Inc. v. Comm'r*, 98 F.3d 194, 198 (5th Cir. 1996). But experts are permitted to testify as to legal matters that involve questions of fact. *Waco Int'l, Inc. v. KHK Scaffolding Hous. Inc.*, 278 F.3d 523, 533 (5th Cir. 2002). In this way, an expert is permitted to "explain a complicated area of the law and the facts related to it" so long as

MEMORANDUM OPINION AND ORDER – PAGE 5

he does not make conclusions about whether the law was violated. *United States v. Okoroji*, 2018 WL 8756434, at *1 (N.D. Tex. 2018). An expert may also say, for example, that "Medicare, according to its billing process, will not reimburse for claims that violate . . . Medicare regulations." *Id.* at *2. Similarly, an expert could opine as to whether he believes certain practices and procedures are consistent with Medicare's guidelines, so long as the expert does not dispositively state what the law is and whether any action was "illegal." *United States v. Crinel*, 2016 WL 6441249, at *9 (E.D. La. 2016).

Here, Gosfield, Shay, and Cobos's opinions review HCAT's practices as they relate to industry custom. This testimony on industry custom is permissible. But the Court cautions the parties that it will not permit direct statements from expert witnesses of what law applies or whether a party violated the law.

The headlines for each of Gosfield's opinions is that HCAT's practices were "reasonable and consistent with industry practices." Rel.'s Appx. 448. In reaching these opinions, Gosfield naturally relied on various Medicare regulations and guidance documents. *See, e.g., id.* at 477 (relying on 42 C.F.R. § 424.522). Gosfield is permitted to discuss HCAT's practices and whether they are consistent with industry standards. She may also explain the complicated Medicare regulatory environment and the applicable facts she reviewed in this case. But she may not definitively state what law applies or whether HCAT did or did not comply with that law. Because the Court finds that Gosfield's opinions are generally within this permissible zone, the Court denies the motion to exclude her testimony. If either party attempts to introduce legal conclusions at trial, it can be addressed by appropriate objection.

This same analysis applies to Shay and Cobos's opinions. Their reports follow the same approach in reviewing applicable facts and law and opining as to whether HCAT's practices were reasonable and consistent with industry approaches. *See id.* at 6 (Cobos); *id.* at 643–44 (Shay). The Court similarly denies the motion to exclude their testimony with the same proviso that it will not admit legal conclusions at trial.

Because the Court finds that Gosfield, Shay, and Cobos are qualified and do not render impermissible legal conclusions, the Court denies the motion to exclude their testimony.

IV.  **THE COURT DENIES THE MOTION TO EXCLUDE RUSSO'S TESTIMONY**

HCAT retained Gregory Russo to rebut the expert reports of three of Taylor's witnesses: Melissa Scott, Nicholas Ross, and Joseph Krock. Rel.'s Appx. 523, 529. Those witnesses performed a quantitative analysis of HCAT's Medicare claims to determine the total number and dollar amount of purportedly false claims. *Id.* at 525–26. Russo generally opines that Scott, Ross, and Krock's methodologies were unreliable, and therefore that their calculations of false claims are not accurate. *Id.* at 529. Taylor moves to exclude Russo's testimony, arguing that he relied on insufficient data and employed unreliable methods. Rel.'s Mot. Exclude 13–14. Taylor does not contest Russo's qualifications. Because the Court finds that Russo meets the requirements of Rule 702, the Court denies the motion to exclude his testimony.

Russo relied on sufficient data. Taylor takes aim at his usage of HCAT's internal billing data, arguing that it is less reliable than the produced Novitas claims data. *Id.* at 14–17. The Court does not find this argument persuasive. Russo is entitled to rely on

MEMORANDUM OPINION AND ORDER – PAGE 7

HCAT's internal dataset. It is true that Novitas produced the actual claims HCAT submitted for payment. Rel.'s Appx. 527. But all of those claims stemmed from the internal HCAT medical records data that Russo relied upon. *See id.* at 932. And Russo cross-checked his data with the Novitas data and was able to match nearly 99% of Scott's purported false claims with the internal HCAT data. *Id.* at 528. Accordingly, Scott relied on sufficient data. Any difference in the two datasets is more appropriate to address on cross-examination than in this motion.

Taylor also disputes the reliability of one of Russo's methodologies—specifically his use of diagnosis code families to identify whether multiple patient visits were part of the same "course of treatment." Rel.'s Mot. Exclude 19–23. The Court does not find this argument persuasive. A live issue in this case is whether HCAT improperly billed certain claims as "incident to" an ongoing course of treatment. *See* Second Am. Compl. ¶¶ 121–61. To find whether such a course of treatment existed, Russo looked at the first three digits of the diagnosis code—the diagnosis code family—to see whether multiple visits all addressed issues in the same code family. Rel.'s Appx. 542. If they did, then he opines that these claims should not be considered false incident-to billing claims. *Id.* at 543. Taylor argues that this methodology was overinclusive and could identify unrelated diagnoses as part of the same family. Rel.'s Mot. Exclude 20–21. However, HCAT's expert, Dr. Shapiro, stated that this approach was a reasonable method for determining whether two visits are sufficiently related for incident-to billing purposes. Rel.'s Appx. at 1286, 1290. And Russo describes his method in sufficient detail so that it could be replicated by another expert or attacked on cross-examination. *See id.* at 541–43.

MEMORANDUM OPINION AND ORDER – PAGE 8

Accordingly, Russo used a sufficiently reliable method. To the extent Taylor believes this method is overinclusive, she can make that argument at trial.

Because the Court finds that Russo's opinions are based on sufficient data and are reliable, the Court denies the motion to exclude his testimony.

## CONCLUSION

The Court finds that the proffered expert opinions of Gosfield, Shay, Cobos, and Russo satisfy the requirements of Rule 702. Accordingly, the Court denies the motion to exclude their testimony.

Signed October 15, 2024.

_____
David C. Godbey
Chief United States District Judge