# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* **CHERYL TAYLOR,** <br>         Plaintiff, <br><br> v. <br><br> **HEALTHCARE ASSOCIATES OF TEXAS, LLC, et al.,** <br>         Defendants. | § § § § § § § § § § § <br><br> CASE NO. 3:19-CV-02486-N |

## MOTION FOR LEAVE TO AMEND TO REFLECT CHANGE IN DEFENDANT'S CORPORATE NAME

Pursuant to Federal Rules of Civil Procedure 15 and 16, Relator asks the Court to allow her to amend her complaint for the purpose of correctly identifying Defendant Health Care Associates of Texas by its recently-changed new name: WellMed.

### I. BACKGROUND

The Court's January 20, 2022, scheduling order (ECF 45)[1] set the deadline for amending pleadings on July 19, 2022. The current live pleading is the Second Amended Complaint (ECF 89). Trial is set for November 4, 2024.

Relator recently learned that Defendant Healthcare Associates of Texas ("HCAT") changed its name to "WellMed."[2] As of the date of filing this motion, the HCAT website landing page announces "Healthcare Associates of Texas is now WellMed," and assures patients that "only our

---

[1] ECF No. 045.

[2] WellMed/HCAT website landing page, https://healthcareassociates.com/ (last visited Oct. 25, 2024).

**MOTION FOR LEAVE TO AMEND TO REFLECT**
**CHANGE IN DEFENDANT'S CORPORATE NAME**                                                                                          **PAGE 1**

name will change."³ Below is a screenshot captured today.



The landing page is co-branded with logos for WellMed and HCAT. Members of the public who click "Find A Doctor" on the landing page are taken to a page that says, "Healthcare Associates of Texas is now WellMed. Please click the button below to be redirected to the WellMed Find a Doctor search, where you can search for WellMed doctors."⁴

## II.  ARGUMENT & AUTHORITIES

When a party seeks leave to amend after the deadline, as is the case here, federal courts apply Rule 16(b)(4) and Rule 15(a)(2) together. *See Beans v. AT&T Servs., Inc.*, No. 3:20-CV-1451-L, 2021 WL 926965, at *2 (N.D. Tex. Mar. 11, 2021); *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-CV-08700-D & 3:10-CV-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) ("Motions for leave to amend are typically governed by [Federal Rule of Civil Procedure] 15(a)(2), or, if the time to seek leave to

---

³ "Find A Doctor," WellMed/HCAT website, https://healthcareassociates.com/find-a-provider/ (last visited Oct. 25, 2024).

⁴

amend has expired, by [Federal Rule of Civil Procedure] 16(b)(4) and then by Rule 15(a)(2).").[5] The movant can satisfy the Rule 16(b) good cause standard by showing she could not reasonably have met the scheduling order deadline despite her diligence. The Court assesses four factors: (i) the explanation for the failure to move before the deadline; (ii) the importance of the amendment; (iii) potential prejudice in allowing the amendment; and (iv) the availability of a continuance to cure any prejudice.[6] If the movant satisfies the Rule 16(b)(4) requirements, the Court then assesses the request for leave to amend under FRCP 15(a)(2)'s liberal standard.[7]

Good cause exists here because Relator could not have brought this motion before the amendment deadline in 2022 because HCAT changed its name to WellMed in 2024. *See Hinds v. Orix Capitla Markets, LLC*, No. CIV.A.3:02-CV-0239-P, 2003 WL 21350210 (N.D. Tex. June 10, 2003) ("Plaintiff demonstrated good cause under Rule 16(b)… Plaintiff did not learn that Coldata was acquired by Allied Interstate until depositions that occurred after the extended deadline for amendment of pleadings. Thus, the Plaintiff could not have reasonably met the deadline of December 1, 2002, and the district court should be able to view this proposed name change under Rule 15(a)."). Here, amendment is important because it will allow all parties to be properly identified. There is no prejudice to Defendants because updating the name of a corporate Defendant implicates no additional discovery or motion practice, and it respects the Defendant's choice to rename.

Wellmed/HCAT would surely prefer to shed its association with systematic Medicare fraud by discarding its identity. After all, the Defendants in this action risk exclusion from Medicare and a

---

[5] See also S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A., 315 F.3d 533, 536 (5th Cir. 2003) (The Court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4)).

[6] Id. at 536 (quoting Reliance Ins. Co. v. La. Land & Exploration Co., 110 F.3d 253, 257 (5th Cir. 1997)).

[7] Mauer v. Wal-Mart Stores, Inc., No. 3:16-CV-2085-BN, 2017 WL 6406619, at *3 (N.D. Tex. Dec. 15, 2017).

jury verdict awarding millions of dollars of direct damages (before trebling) and triggering hundreds of millions of dollars of mandatory False Claims Act civil penalties. Going to trial carries significant reputational risk because an adverse verdict will confirm Relator's allegations that WellMed/HCAT used <u>unlicensed</u> employees to perform medical services for patients. A last-minute name change helps to dodge that consequence.

Commenters and courts have stressed the importance of not allowing corporate defendants to escape the reputational consequences of their actions. *See, e.g.*, Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L. J., 1353, 1360-61 (2022) ("[F]or good reason, most lawsuits are nonetheless litigated in the parties' own names… And it's true of civil cases–our legal system generally calls for public proceedings and publicly filed documents, and the names of the parties are viewed as part of the information that needs to be kept public."). Professor Volokh focuses on "John Doe" pseudonymity, but a corporate party achieves practical pseudonymity when it interposes an anonymizing name change. *See id.* at 1363-64. Professor Volokh correctly notes that "courts mostly refuse to allow pseudonymity aimed at avoiding 'the annoyance and criticism that may attend any litigation,' including… 'economic harm,' 'economic or professional concerns,' 'reputational harm,' 'blacklisting,' or 'embarrassment and humiliation.'" *Id.* at 1420 (collecting cases in Appendix 7 at 1457-1460).

Having satisfied Rule 16(b), Relator also meets the liberal FRCP 15(a)(2) amendment standard. Courts operate under a "strong presumption in favor of granting leave to amend." *Mauer v. Wal-Mart Stores, Inc.,* No. 3:16-CV-2085-BN, 2017 WL 6406619, at *3 (N.D. Tex. Dec. 15, 2017) (citing *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006)(" [t]he Court must do so "unless there is a substantial reason to deny leave to amend,"); *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause

prejudice, or amendment would be futile"). Here, Relator has not acted in bad faith, granting the motion is not prejudicial, and the amendment is not futile. To the contrary, it acknowledges the Defendant's naming preference: WellMed.

### III:  RELIEF REQUESTED

The Court should grant Relator's request to submit an amended complaint that revises the name of Defendant Healthcare Associates of Texas to "Healthcare Associates of Texas d/b/a WellMed" as reflected in the proposed Third Amended Complaint filed herewith.

Dated: October 28, 2024.                Respectfully submitted,

**JOHNSTON CLEM GIFFORD PLLC**

By: /s/ Robert W. Gifford
    **Robert W. Gifford**
    State Bar No. 24093543
    rgifford@johnstonclem.com

    **Daniel S. Klein**
    State Bar No. 24052277
    dklein@johnstonclem.com

    **Gordon W. Green**
    State Bar No. 24083102
    ggreen@johnstonclem.com

1717 Main Street, Suite 3000
Dallas, Texas 75201
(214) 974-8000 (Telephone)
(972) 474-1721 R. Gifford's Direct

*Attorneys for Relator Cheryl Taylor*

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with Ms. Brandon and Ms. Parker, counsel for Defendants, on October 25 and 26, 2024, regarding the motion and requested relief. Counsel stated that Defendants are opposed to the motion and requested relief.

By: */s/ Robert W. Gifford*
**Robert W. Gifford**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this motion was served on all parties receiving electronic case notifications from the Court's CM/ECF filing system on October 28, 2024.

By: */s/ Robert W. Gifford*
**Robert W. Gifford**