IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> *ex rel.* CHERYL TAYLOR, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> HEALTHCARE ASSOCIATES OF § <br> TEXAS, LLC, *et al.*, § <br> § <br> Defendants. § | Civil Action No. 3:19-CV-02486-N |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Defendants' (collectively, "HCAT") motions to strike rebuttal expert reports of Heather Moffitt ("Moffitt Mot.") [496] and Mark Anderson, Dr. Sunil Lalla, Melissa Scott, Nicholas Ross, and Dr. Joseph Krock ("Anderson Mot.") [497]. Because the Court finds that each of these expert reports contain proper rebuttal opinions, the Court denies both motions.

### I. ORIGINS OF THE DISPUTE

This case deals with claims under the False Claims Act, 31 U.S.C. § 3729, *et seq*. Taylor alleges that she observed HCAT employ fraudulent Medicare billing practices. The Court has discussed Taylor's factual allegations at some length, *see, e.g.*, *United States ex rel. Taylor v. Healthcare Assocs. of Tex., LLC*, 2023 WL 3294141, at *1 (N.D. Tex. 2023), and the Court will not recount them in great depth here. Defendants now move to strike six of Taylor's expert rebuttal reports on the grounds that they contain improper rebuttal testimony.

MEMORANDUM OPINION AND ORDER – PAGE 1

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) allows for the designation of a rebuttal expert witness "solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." "The scope of rebuttal testimony is ordinarily a matter to be left to the sound discretion of the trial judge." *Tramonte v. Fibreboard Corp.*, 947 F.2d 762, 764 (5th Cir. 1991). "A 'rebuttal' report explains, repels, counteracts, or disproves evidence of the adverse party's initial report." *CEATS, Inc. v. TicketNetwork, Inc.*, 2018 WL 453732, at *3 (E.D. Tex. 2018). "Rebuttal is a term of art, denoting evidence introduced by a plaintiff to meet new facts brought out in his opponent's case in chief." *GWTP Invs., L.P. v. SES Americom, Inc.*, 2007 WL 7630459, at *9 (N.D. Tex. 2007). When addressing whether an expert witness is a rebuttal witness, district courts often ask three questions:

> First, what evidence does the rebuttal expert purport to contradict or rebut? Second, is the evidence disclosed as rebuttal evidence on the same subject matter as that identified by another party in its Rule 26(a)(2)(B) disclosure? Third, is the evidence disclosed as rebuttal evidence intended solely to contradict or rebut that evidence?

*Poly-Am., Inc. v. Serrot Int'l, Inc.*, 2002 WL 1996561, at *15 (N.D. Tex. 2002); *see also, e.g.*, *United States ex rel. Simms v. Austin Radiological Ass'n*, 2014 WL 2515696, at *4 (W.D. Tex. 2014) (citing *Poly-Am., Inc.*, 2002 WL 1996561, at *15); *Wireless Agents, L.L.C. v. Sony Ericsson Mobile Commc'ns AB*, 2006 WL 5127278, at *2 (N.D. Tex. 2006)

(same).[1]  Impermissible rebuttal testimony should be excluded. *See Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 583 (5th Cir. 2004).

### III.  THE COURT DENIES THE MOTION TO STRIKE MOFFITT'S REBUTTAL REPORT

Taylor retained Heather Moffitt to provide rebuttal opinions about effective billing dates under 42 C.F.R. § 424.521 and about Provider Transaction Access Number ("PTAN") assignments. Moffitt Report at Rel.'s Appx. 223–24 [559]. Moffitt states that her report responds to the opinions of two of HCAT's experts — Shay and Gosfield. *Id.* at 223. HCAT argues that Moffitt's testimony addresses issues that have been present from the beginning of the case, and therefore do not constitute proper rebuttal testimony. *See* Moffitt Mot. 6–12. It also argues that her disclosure was faulty (by not including documents she relied on) and that she should be prevented from testifying on credentialling subjects because Taylor previously withdrew a different expert on the same subject. *See*

---

[1] HCAT asserts that the applicable standard for determining proper rebuttal testimony is whether it responds to "expected and anticipated" testimony from the opposing party's case in chief. Moffitt Mot. 5 (quoting *Morgan v. Com. Union Assurance Cos.*, 606 F.2d 554, 556 (5th Cir. 1979)). However, HCAT's reliance on this quote from *Morgan* is misguided. In *Morgan*, the court addressed a situation where the defendant withheld the identity of a witness until trial. 606 F.2d at 555. To attempt to avoid exclusion, the defendant tried to characterize the witness as a "rebuttal witness" because the trial court's pretrial order did not require disclosure of rebuttal witnesses. *Id.* The Fifth Circuit affirmed exclusion of the witness, noting that "a defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal witness'" because that witness should appear as part of the defense's case in chief. *See id.* at 556. In this case, there is no question as to whether the challenged experts are rebuttal witnesses — they are. The question here is one of scope. Specifically, whether the testimony of the rebuttal witnesses goes to issues raised by the opposing party's experts. On that question, this "expected and anticipated" language is not controlling.

MEMORANDUM OPINION AND ORDER – PAGE 3

*id.* Because the Court finds Moffitt's opinions are proper rebuttals of Gosfield and Shay's opinions, the Court denies the motion to strike her report.

Moffitt's opinion on effective billing dates properly rebuts Shay and Gosfield's opinions on the subject. Shay and Gosfield state that 42 C.F.R. § 424.521 generally permits providers to bill Medicare for services rendered up to thirty days before their effective billing date, as long as Medicare ultimately approves their enrollment. Shay Report at Rel.'s Appx. 685; Gosfield Report at Rel.'s Appx. 47. Shay then relies on 42 C.F.R. § 424.521 to conclude that HCAT's billing for services rendered before the Medicare Administrative Contractor ("MAC") received the provider's enrollment application was reasonable. Shay Report at Rel.'s Appx. 685–86. In response, Moffitt opines that the effective dates a MAC gives to a practice incorporate this thirty-day period, meaning that HCAT should not have been billing for thirty days before that date. Moffitt Report at Rel.'s Appx. 225. This opinion on retrospective billing directly contradicts Shay and Gosfield's opinions on the same topic. Accordingly, it is proper rebuttal testimony.

Moffitt's PTAN opinions are likewise proper rebuttal testimony. On this subject, Shay opines that HCAT's practice of assigning practitioners to only one PTAN instead of each PTAN associated with HCAT was consistent with Medicare regulations. Shay Report at Rel.'s Appx. 699. In response, Moffitt states, "if a medical practice submits a claim for a provider who is not associated with the correct PTAN, a MAC will not pay that claim." Moffitt Report at Rel.'s Appx. 229. In essence, Moffitt argues that HCAT's practice here was actually inconsistent with Medicare requirements. This is a direct contradiction of Shay's arguments about PTANs and is therefore proper rebuttal testimony.

MEMORANDUM OPINION AND ORDER – PAGE 4

Additionally, the Court finds that Taylor properly disclosed Moffitt under Rule 26. HCAT asserts Moffitt was not properly disclosed because Taylor did not "provide a list of materials upon which Ms. Moffitt relied." Moffitt Mot. 17. But in her report, Moffitt identified the documents she relied upon, including the Second Amended Complaint, Shay and Gosfield's reports, and numerous individual documents cited throughout her report. *See* Moffitt Report at Rel.'s Appx. 223. And HCAT admits that Moffitt attached over 700 pages of materials she relied on. *See* Moffitt Mot. 17. HCAT's complaint that it did not receive an itemized list (and instead must look at the citations used in Moffitt's twelve-page report) does not render Moffitt improperly disclosed. Rule 26 requires that an expert's report contain "the facts or data considered by the witness." FED. R. CIV. P. 26(a)(2)(B)(ii). Here, Moffitt's report contains the facts she relied on. Accordingly, she was properly disclosed.

Finally, HCAT argues that Moffitt should be prohibited from testifying because her PTAN opinions are similar to those of a since-withdrawn expert. However, voluntary withdrawal of a different witness's opinions does not affect whether Moffitt's testimony is proper rebuttal.[2] Because the Court has already found that Moffitt's PTAN opinions were proper rebuttal opinions, there is no basis to strike her report.

---

[2] HCAT relies on one district court opinion from outside the Fifth Circuit to support its position. *See BNSF Ry. Co. v. C.A.T. Constr. Inc.*, 2015 WL 11237649, at *2 (W.D. Okla. 2015). However, the situation in *BNSF Ry. Co.* was different. There, a party voluntarily withdrew a subset of opinions of one expert, and the Court subsequently ordered that the expert could not give the withdrawn opinions at trial. *Id.* Here, Taylor withdrew *all* the opinions of a *different* witness. So long as Moffitt's opinions are proper rebuttal, it does not matter that they are similar to the withdrawn opinions of a different expert witness.

MEMORANDUM OPINION AND ORDER – PAGE 5

Because the Court finds that Moffitt's rebuttal opinions are proper rebuttal and that Taylor properly disclosed Moffitt under Rule 26, the Court denies the motion to strike her rebuttal report.

### IV. THE COURT DENIES THE MOTION TO STRIKE THE REBUTTAL REPORTS OF ANDERSON, LALLA, SCOTT, ROSS, AND KROCK

Taylor retained Anderson to opine on technical aspects of electronic health record systems. HCAT's primary complaint about Anderson's rebuttal report is that it is "dedicated to confirming that his original opinions were correct, rather than critiquing the expert opinions of Mr. Renjilian." Anderson Mot. 8–9. However, after reviewing Anderson's report, the Court finds that it consists of proper rebuttal opinions.

Renjilian makes multiple assertions about how Anderson's methods and data were insufficient. Renjilian Report at Rel.'s Appx. 186–88. For example, he opines that "reviewing email correspondence about the system's use is insufficient to understand a system's configuration." *Id.* at 187. Anderson, in his rebuttal report, pushes back and asserts that emails are a sufficient data source and his original opinions were correct. *See, e.g.*, Anderson Report at Rel.'s Appx. 273. In defending his original conclusions from Renjilian's criticism, Anderson is permitted to reference and reassert them. In this way, Anderson's rebuttal opinions directly address Renjilian's criticisms. Accordingly, Anderson's rebuttal opinions are proper.

Taylor retained Dr. Lalla to opine on whether Novitas, the MAC that adjudicated HCAT's Medicare claims, would have paid claims that violated certain Medicare rules. HCAT argues that Dr. Lalla's rebuttal (1) is just restatement of his original opinions, and

MEMORANDUM OPINION AND ORDER – PAGE 6

(2) goes beyond the scope of rebuttal. Anderson Mot. 11–13. The Court finds that Dr. Lalla's rebuttal opinions are proper.

First, as with Anderson, Dr. Lalla is permitted to restate and reaffirm his original opinions while responding to a specific criticism made by an opposing expert. Second, the opinions HCAT challenges as going beyond the scope of rebuttal are within the realm of permissible rebuttal. For example, HCAT challenges Dr. Lalla's rebuttal opinion that a provider's "effective date" as communicated to HCAT by Novitas was the same thing as the provider's "retrospective billing date." *See* Anderson Mot. 13–14; Lalla Report at Rel.'s Appx. 406. But this directly responds to Shay's opinion that the "retrospective billing date" and the "effective date" are different. *See* Shay Report at Rel.'s Appx. 685. Dr. Lalla's other rebuttal opinions respond to opposing opinions of HCAT's experts in the same way. Accordingly, Dr. Lalla's rebuttal is proper.

Taylor retained Scott, Ross, and Dr. Krock—a team of witnesses from Stout Risius Ross, LLC—to quantify the number and dollar amount of allegedly false claims HCAT submitted to Medicare. HCAT challenges various portions of each of Scott, Ross, and Dr. Krock's rebuttal reports. *See* Anderson Mot. 14–23. After reviewing the reports, the Court finds that each rebuttal report is proper.

Scott's opinions are within the proper scope of rebuttal. HCAT's chief complaint about Scott's opinions is that they are restatements of her affirmative opinions, and that they introduce new arguments not seen in her affirmative opinions. Both arguments fail. First, as with Anderson and Dr. Lalla, restatement of affirmative opinions is permissible when the expert is defending those opinions from opposing criticism. As for raising new

MEMORANDUM OPINION AND ORDER – PAGE 7

arguments, there is no prohibition on raising new arguments in rebuttal, so long as those arguments directly respond to an opposing expert's opinion. Here, HCAT challenges Scott's retrospective billing opinion referencing 42 C.F.R. § 424.521 because she never mentioned that regulation in her original report. *See* Anderson Mot. 16–17; Scott Report at Rel.'s Appx. 290–91. But that is not the standard. Scott is responding directly to Shay and Gosfield's opinions that HCAT's retrospective billing was reasonable (and therefore that Scott's identification of false claims was incorrect). *See, e.g.*, Shay Report at Rel.'s Appx. 685–90. Shay and Gosfield raised 42 C.F.R. § 424.521 in opposition to Scott's original report. Scott is therefore permitted to discuss it in rebuttal. Accordingly, her opinions are proper.

Likewise, Ross's opinions are proper rebuttal. HCAT brings a number of challenges to his opinions including (1) his opinions should have been offered as affirmative opinions at the original expert deadline, (2) his opinions on the "script error" should have been a supplement to his original work, and are improper rebuttal, and (3) he has a section titled "Motion to Exclude Response" which is beyond the scope of rebuttal.[3] Each of these arguments fails.

First, the Court already declined to exclude Ross's testimony for being late. *See United States ex rel. Taylor v. Healthcare Assocs. of Tex., LLC*, 2024 WL 4508961, at *16 (N.D. Tex. 2024).

---

[3] HCAT also challenges Ross's qualifications and reliability. The Court already addressed Ross's qualifications and reliability in its order denying HCAT's motion to exclude. *See United States ex rel. Taylor v. Healthcare Assocs. of Tex., LLC*, 2024 WL 4508961, at *13–14 (N.D. Tex. 2024).

MEMORANDUM OPINION AND ORDER – PAGE 8

Second, his opinions on a "script error" properly rebut HCAT's opposing expert, Russo. During Ross's deposition, HCAT's counsel questioned him about an alleged error in his script. *See* Anderson Mot. 19. Then, Russo's opposing report states, "one of Ross's progress note extraction scripts contains an error that renders it unable to execute properly." Russo Report at Rel.'s Appx. 11 (footnote omitted). In rebuttal, Ross argues that there is no error, and that Russo was using the wrong procedure — something Ross and counsel previously notified HCAT about when they asked. Ross Report at Rel.'s Appx. 346–48. Thus, his "script error" opinion is a direct rebuttal of Russo's allegations. It is immaterial that Ross knew HCAT believed there was an error at the time of his deposition. He had no duty to preemptively rebut HCAT's assertion there was an error. His testimony on this subject is proper rebuttal.

Third, Ross's "Motion to Exclude Response" opinions are also proper rebuttal. His opinions in this section do appear to respond to arguments made in HCAT's Rule 702 motion. However, the substance of the two opinions in this section consists of a permissible rebuttal. This section only contains two paragraphs, both responding to HCAT's criticism of his methodology. *See id.* at 349. But Russo takes direct aim at Ross's methodology in his report, stating "the inconsistencies and the error in Ross's work render his purported extraction of relevant data flawed and unreliable." Russo Report at Rel.'s Appx. 11. Accordingly, Ross is permitted to rebut challenges to his methodology. If Ross seeks to testify beyond the scope of an opposing expert's opinions at trial, the Court will address that through appropriate objections.

Similarly, the Court finds that Dr. Krock's rebuttal opinions are proper. Dr. Krock's original role on the Stout team was to statistically validate Scott's count of false claims and to quantify the dollar amount of those claims. *See* Krock Report at Rel.'s Appx. 241. HCAT's primary complaint is that Dr. Krock performed alternative calculation methods in rebuttal that should have been affirmative opinions. Anderson Mot. 22. But these alternative calculations respond directly to HCAT's expert, Dr. Diver. First, Dr. Diver challenged Dr. Krock's assumption that HCAT is responsible for the entire dollar amount of a false incident-to claim. Diver Report at Rel.'s Appx. 152–55. He asserted that assuming Medicare should pay nothing for these claims resulted in an overestimate of damages. *Id.* Thus, Dr. Krock's recalculation under a scenario where Medicare would pay 85% of the dollar value of the false incident-to claims responds directly to this opposing expert opinion. *See* Krock Report at Rel.'s Appx. 250. Second, Dr. Diver challenged Dr. Krock for not calculating damages based on the lower confidence bounds. *See* Diver Report at Rel.'s Appx. 143. In response, Dr. Krock recalculated damages using his original lower confidence bounds. Krock Report at Rel.'s Appx. 256–57. In this way, he responded directly to Dr. Diver's opposing opinions. Thus, his opinions are proper rebuttal.

## Conclusion

After reviewing the challenged expert rebuttal reports, the Court finds they are proper rebuttal opinions. Accordingly, the Court denies the motions to strike the rebuttal reports of Moffit, Anderson, Dr. Lalla, Scott, Ross, and Dr. Krock.

Signed October 28, 2024.

_____
David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 11